

ENTERED
10/20/2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | )<br>)<br>) |
| COOLSPORTS, INC., | ) CASE NO. 07-35729-H3-11<br>) |
| Debtor, | )<br>) |
| COOLSPORTS, INC., | )<br>) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 08-3027<br>) |
| RODNEY D. SCHLOTTE D/B/A<br>EXTREME SPORTS & TOYS, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

The court has held a trial in the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

In the instant adversary proceeding, Plaintiff CoolSports, Inc., the Chapter 11 Debtor, seeks to collect $34,379 based on an allegedly unpaid invoice. Defendant insists that he paid cash when he purchased items from Plaintiff.

The dispute in the instant adversary proceeding is one portion of a dispute between Debtor, Debtor's sister corporation American New Century, Inc., and Schlotte.  Debtor is an importer and licensed manufacturer of motorcycles and related equipment and parts.  Schlotte initially sought to become a dealer of Debtor's vehicles and parts.  Other litigation, which is pending in state court, addresses disputes between the parties regarding Schlotte's attempts to become a dealer.  The instant adversary proceeding addresses only a transaction which occurred on June 4, 2007.

On June 4, 2007, Schlotte took delivery of several vehicles and associated parts.  Debtor generated an invoice with respect to the transaction, showing an amount due of $32,882.  There are several copies of the invoice in evidence.  Not all of the copies are identical.

Plaintiff's Exhibit 3 is a photocopy of a form invoice, which contains handwriting.  Plaintiff's Exhibit 3 identifies the terms as "Net 30 Day," identifies that the goods were picked up, and bears Schlotte's initials.

Plaintiff's Exhibit 7 appears to be an original document similar to Plaintiff's Exhibit 3.  Like the photocopy in Plaintiff's Exhibit 3, Plaintiff's Exhibit 7 identifies the terms as "Net 30 Day," identifies that the goods were picked up, and bears Schlotte's initials.  Plaintiff's Exhibit 7 also bears a

large red "P" at the top.

Plaintiff's Exhibit 8, which is identical to Defendant's Exhibit 5, and similar to Plaintiff's Exhibit 3, reflects a photocopy of the invoice, with a stamp marking the invoice as paid.

Cui-Ying Zhou, Debtor's president, testified that Schlotte never paid for the goods he received on June 4, 2007. She testified that he had sought financing to pay for the goods, but was unable to obtain financing, and ultimately never paid.

Schlotte testified that he purchased the goods, and paid cash when he picked up the goods.  He testified that he was assisted by a salesman named Jody.  He testified that Jody printed Plaintiff's Exhibit 8, that he and Jody counted the cash together, and that Jody stamped the invoice "paid" before Schlotte loaded the goods into his truck.

## Conclusions of Law

Section 542(b) of the Bankruptcy Code provides, with exceptions not pertinent to the instant case:  "[A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on orders, shall pay such debt to, or on the order of the trustee."  11 U.S.C. § 542(b).

Ordinarily, the Bankruptcy Court will not enforce a debtor's claim through turnover orders unless the claim against the defendants is undisputed.  See Innercraft Constr., Inc. v.

3

<u>Turner Constr. Co. (In re Innercraft Constr., Inc.)</u>, (Bankr. S.D. Tex., Adv. No. 92-4601, Slip Op., Dec. 28, 1992).  However, in the instant adversary proceeding, it was not clear that the question of liability was before the court until time of trial.  The instant adversary proceeding is a core proceeding, under 28 U.S.C. § 157(b)(2)(E).  This court addressed at trial the question of liability, and judicial economy favors this court's resolution of the question presented.

In a turnover matter, the plaintiff has the burden of proof, by a preponderance of the evidence.  See <u>Turner v. Avery</u>, 947 F.2d 772 (5th Cir. 1991); <u>In re Okon</u>, 310 B.R. 603 (Bankr. N.D. Ill. 2004).

In the instant case, there is evidence for the proposition that Debtor did not pay the invoice due to CoolSports.  There is also evidence that Debtor did pay the invoice.  The evidence on each side is of equal credibility.  The court concludes that Plaintiff has failed to meet its burden of proof with respect to the question of Schlotte's liability.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on October 20, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE